Orville M. FINE d/b/a FINE TRUCK
LINE et al *v.* Frederick M. JACOBS d/b/a
WALDRON TRUCK LINES

74-86                                    511 S.W. 2d 491

Opinion delivered July 15, 1974

*Harper, Young & Smith,* for appellants.

*Crouch, Blair, Cypert & Waters,* for appellee.

GEORGE ROSE SMITH, Justice. This appeal challenges an order by which the Arkansas Transportation Commission authorized the appellee Jacobs, doing business as Waldron Truck Lines, to extend his certificated route for a distance of some 35 miles south of Waldron. The fundamental question, as we view the record, is whether the Commission was justified by law in granting Jacobs' application not upon the basis of public convenience and necessity but upon the ground that Jacobs needed a source of additional revenue to remain in business. We are compelled to conclude that our statutes do not contemplate the action that was taken by the Commission (and affirmed by the circuit court) in this case.

The applicant Jacobs, for some 20 years before this case arose, had owned and operated a small truck line (employing two drivers) with authority to transport general commodities from Fort Smith to a point slightly south of Waldron, with service to intermediate points. Jacobs testified that he had not considered the possibility of expanding his operation until he received the impression from certain questions asked by a member of the Commission at an earlier hearing, at which Jacobs appeared as a protestant, that the commissioners thought that Jacobs "should either expand [his business] or get out." Acting on that impression, Jacobs filed the present application for additional authority, making this explanation in his preliminary written statement to the Commission:

> "If our truck line is going to survive and continue to serve the public at Waldron, Arkansas, we are forced to acquire additional authority because of the dilution of

traffic caused by the introduction of competition into Waldron. A natural point for us is Mena, Arkansas. Mena is directly south of Fort Smith, 85 miles from Fort Smith and 35 miles from Waldron."

It is evident that Jacobs correctly understood the Commission's suggestion, because in this case the chairman of the Commission announced a 10-minute recess at the end of the testimony, after which the commissioners returned to the hearing room for this statement by the chairman:

"A decision has been made in this, gentlemen; it is not a unanimous decision, but the Commission will grant this application, and in granting it we realize that the case presented here was not the most convincing case that has ever been presented before this Commission from the standpoint of numerical numbers and supporting witnesses. However, the majority does recognize the fact that, notwithstanding that, this truck line is a small truck line and in order for it to continue to exist and serve its present customers this Commission is going to have to take some action in order to assist it to develop more revenue from some source. We know of no other way to do it except to extend its authority as requested, and therefore the application will be granted. The hearing is adjourned."

According to the proof there was already existing service between Fort Smith and Mena when Jacobs filed the present application. In that situation it is well settled that "a certificate may not be granted where there is existing service over the route applied for, unless the service is inadequate, or additional service would benefit the general public, or unless the existing carrier has been given an opportunity to furnish such additional service as may be required." *Santee* v. *Brady*, 209 Ark. 224, 189 S.W. 2d 907 (1945). We are not out of sympathy with the Commission's desire to keep a small truck line in business by expanding its territory, but we can find nothing in the statute to support the action taken here. Needless to say, the matter of fixing the State's policy upon the point at issue is for the General Assembly.

In its formal order the Commission enumerated a few

minor points touched upon in the record, such as one shipper's complaints about the appellants' delay in settling claims, trivial instances of damage to property in shipment, and assertions that one-day service had not always been available between Fort Smith and Mena. We need not discuss those matters in detail, it being enough for us to note that when the record is considered in its entirety the preponderance of the proof does not establish any one of the grounds for additional service that were enumerated in the *Brady* case, *supra*. In fact, that was apparently the Commission's own view, else there was no need for resting its decision upon the appellee's need for additional revenue.

Reversed.

BYRD, J., dissents.